UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| NANCY HASKELL,<br><br>    Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTATION COMMISSIONER,<br><br>    Defendant | 1:11-cv-289-GZS |

**RECOMMENDED DECISION ON APPLICATION FOR ATTORNEY FEES**

Nancy Haskell seeks to recover attorney fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, following a successful appeal from the denial of her application for benefits under the Social Security Act. (Doc. No. 16.) The Commissioner opposes the motion, in part, arguing that the request is excessive in certain respects. (Doc. No. 17.) Haskell's reply is a compromise request that concedes a $25 per hour reduction in the award for paralegal effort, resulting in a modified request for $3,937.88 rather than $4,912.88. I recommend that the application be granted and that attorney time and paralegal time be compensated in the amount of $3,375.38.

### LEGAL STANDARD

The EAJA provides, in relevant part, that a prevailing party should receive a fee-shifting award against the United States, unless the position of the United States was "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); Schock v. United States, 254 F.3d 1, 5 (1st Cir. 2001).

The calculation of an EAJA fee award is ordinarily based on the familiar loadstar method. The court determines the number of hours reasonably expended on the matter and multiplies that figure by a reasonable hourly rate. This analysis allows adjustments to be made for unreasonable and unproductive expenditures of time and for excessive hourly rates. A fee-shifting award under the EAJA is also appropriately reduced to account for the prevailing party's relative degree of success. A fee-shifting award should not compensate attorney effort that was unsuccessful in demonstrating unreasonable government action. McDonald v. Sec'y of Health & Human Servs., 884 F.2d 1468, 1478-79 (1st Cir. 1989).

## DISCUSSION

Haskell asserts prevailing party status by virtue of securing a voluntary remand for a new hearing before an administrative law judge. (Pl.'s EAJA Mot. at 1-2.) The Commissioner does not dispute that an award is appropriate in this case, but objects to the request for $100 per hour for paralegal time and asks that the Court reduce both attorney hours and paralegal hours. (Def.'s Opposition at 2-3.) In reply, Haskell agrees to accept $75 per hour for paralegal effort but refuses to concede any of the hours billed. (Pl.'s Reply at 1-2.) The parties agree that $182.50 per hour is an appropriate EAJA rate for attorney time.

**A.  Attorney Effort**

Haskell's billing records include 5.55 hours of attorney time. The Commissioner would like this reduced to 2.3 hours because much of the work entails preliminary filings like the boilerplate complaint and *in forma pauperis* application. (Def.'s Opposition at 2.) Haskell's counsel relies heavily on paralegals to manage his social security caseload. I recently stated in another EAJA recommended decision involving the same counsel that "I am not inclined to recommend that the Court cut in half a request for what amounts to only 5.75 hours of attorney

preparation, review, and oversight" because "[t]here is more than one way to allocate work in these matters and the allocation here appears to be one reasonable approach." (Rec. Dec. on App. for Attorney Fees at 2, Pearson v. Social Security Administration Comm'r, No. 1:11-cv-00252-DBH, Doc. No. 17.) Counsel filed the instant application about a month later.

What it looks like to me at this juncture is not entirely what it looked like to me when I reviewed the application in Pearson. In particular, I am concerned about a billing entry for an attorney to perform a one-hour "review" of the administrative decision and the record (an entry identical to one found in Pearson), even though the statement of errors would be drafted by a paralegal, five months later. A similar concern arises with respect to a half-hour billing for an attorney to receive and review the record (also mirrored in Pearson) more than a month before the paralegal began drafting the statement of errors. The appearance is that counsel may be making billings entries for certain case-related events rather than recording actual time reasonably expended in the interest of the client. For instance, it is not very evident what benefit arises from counsel's review of the record months in advance of substantive drafting by a paralegal. Nevertheless, it is understandable that counsel would perform the tasks in question at some point in time. What I recommend is that the Court allow this time at the attorney rate, but reduce the paralegal hours by 1.5 for duplication of effort related to file review.

B.  **Paralegal Effort**

The only dispute related to paralegal effort is the total number of hours requested in relation to the statement of errors filed in this case. The motion contains a request for 39 hours of paralegal effort, including eight hours of legal research and roughly 20 hours of drafting the statement of facts. These entries strike me as excessive in relation to the statement of errors. For example, there is no sign in the statement of errors that any of the legal research bore fruit. The

Commissioner requests a reduction of 9.75 hours (25%), but I recommend that the Court strike 6 hours, resulting in a total reduction of paralegal hours by 7.5 hours, given the 1.5 hours of duplicate attorney time already billed at the higher rate.

There is a remaining issue related to the appropriate market rate for paralegal work. However, the parties have reached an agreement that $75 is an appropriate hourly rate and I recommend that the Court use this rate in calculating its lodestar award.[1]

**C.   The Lodestar**

The foregoing recommendation supports the following award:  5.55 attorney hours at the full attorney rate (subtotaling $1012.88), plus 31.5 paralegal hours at the paralegal rate (subtotaling $2362.50), for a total award of $3,375.38.

CONCLUSION

For the reasons set forth above, I RECOMMEND that the Court GRANT Plaintiff's EAJA Application in the amount of $3,375.38.

**NOTICE**

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.
>
> Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

---

[1]   For the record, Haskell's counsel avers that $100 is reasonable paralegal rate and relies, in part, on Spooner v. EEN, Inc., No. 08-cv-262-P-S, 2010 WL 4286358, *3, 2010 U.S. Dist. Lexis 116307, *7 (D. Me. Oct. 28, 2010), aff'd 644 F.3d 62 (1st Cir. 2011), a copyright infringement case assigned to the same judge as the instant case.  I rejected this argument in the Pearson case based on the quality of counsel's showing, a showing that is replicated here, and Judge Hornby agreed with that assessment in an order that includes discussion related to that specific concern.  2012 WL 837243, 2012 U.S. Dist. Lexis 32671 ("I am not prepared to say, without evidence, that the market rate for paralegal services in social security cases is equivalent to that for copyright, trademark and patent infringement cases, and here the paralegal's experience has not even been identified.").

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

April 24, 2012